IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEMYAR A ASHABI, d/b/a YELLOW DELI, <br> Plaintiff <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Defendant | : <br> : <br> : Civil Action No.: 17-cv-1250 <br> : <br> : <br> : <br> : <br> : |

## ANSWER

Defendant, United States of America ("Defendant" or "the United States"), by and through undersigned counsel, hereby answers the complaint as follows:

1. The allegations contained in Paragraph 1 constitute Plaintiff's characterization of himself and his business to which no response is required.

2. Admitted.

3. Admitted.

4. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and so denies them.

5. Admitted.

6. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and so denies them.

7. The allegations contained in Paragraph 7 state legal conclusions to which no response is required.

8. Admitted.

9. Admitted.

10.     Admitted in part, denied in part. It is admitted that the United States Department of Agriculture ("USDA"), Food and Nutrition Service's ("FNS") analysis of Yellow Deli's (the "Store") electronic benefit transfer ("EBT") data for the period of October 2016 through March 2017 (the "Review Period") found that the data exhibited the patterns indicative of trafficking as indicated in Paragraph 10. It is denied that the decision that trafficking occurred at the Store and to permanently disqualify the Store was based largely or entirely on said EBT data. FNS's decision that trafficking had occurred at the Store was based on the EBT data for the Review Period, as well as information about the Store during a store visit which included the Store's physical characteristics and inventory, comparisons to SNAP benefit redemptions at nearby convenience stores and state-wide averages for convenience stores during the Review Period, analysis of households involved in the suspicious transactions contained in the EBT data for the review period, and all of Plaintiff's information about its characterizations of the suspicious transactions and the inventory receipts submitted to FNS. By way of further explanation, the Food and Nutrition Act of 2008 (the "Act") allows for FNS to base its findings of violations and sanctions on EBT data. 7 U.S.C. § 2021(a)(2).

11.     Denied. The letter from FNS to Plaintiff dated May 2, 2017 (the "Charge Letter") speaks for itself. By way of further explanation, a charge letter does not "amount to an administrative determination" of any violations, but rather notifies a store owner that FNS has compiled evidence that indicates a firm has violated the Supplement Nutrition Assistance Program ("SNAP"). It provides the firm with an opportunity to rebut the charges and explain the transactions and states that a firm's reply and any documentation that a firm provides will be considered before FNS renders a decision in the matter.

12. Admitted. By way of further explanation, FNS's mapping software translates the address information into geo-codes, not GL codes.

13. Admitted in part, denied in part. It is admitted that the Store was not provided with the "aforesaid information" at the time that the Charge Letter was issued and that the Store's counsel sought the raw data which FNS did not provide. It is denied that none of the "aforesaid information" was ever provided to the Store and that the Store is still required to speculate as to the interpretation or theory of the data that resulted in FNS's conclusion that the Store engaged in trafficking, as said information was provided in the FNS Final Agency Decision (the "FAD").

14. Admitted in part, denied in part. It is admitted that the FAD explained the rationale for the denial of Plaintiff's request for information. It is denied that said request was a discovery request. The remainder of the allegations contained in Paragraph 14 state legal conclusions to which no response is required.

15. Admitted.

16. The allegations contained in Paragraph 16 state legal conclusions to which no response is required.

17. Denied. The Charge Letter speaks for itself and clearly states that FNS has not and will not make a decision until a firm has had the opportunity to respond to the suspicious transactions.

18. The allegations contained in Paragraph 18 state legal conclusions to which no response is required.

19. The allegations contained in Paragraph 19 state legal conclusions to which no response is required.

20. Admitted.

21. The allegations contained in Paragraph 21 state legal conclusions to which no response is required. Additionally, Defendant is without information sufficient to form a belief as to the truth of the allegations asserted regarding the clientele referenced in Paragraph 21 and so denies them.

22. The allegations contained in Paragraph 22 state legal conclusions to which no response is required. Additionally, Defendant is without information sufficient to form a belief as to the truth of the allegations asserted regarding the clientele referenced in Paragraph 22 and so denies them.

23. The allegations contained in Paragraph 23 state legal conclusions to which no response is required. By way of further explanation, all of the information that Plaintiff refers to is contained in Administrative Record documenting FNS's process, which has already been provided to Plaintiff.

24. Admitted in part, denied in part. It is admitted that the information regarding households was contained in the FAD, which speaks for itself. The remainder of the allegations contained in Paragraph 24 state legal conclusions to which no response is required. By way of further explanation, all of the information that Plaintiff refers to is contained in Administrative Record documenting FNS's process, which has already been provided to Plaintiff.

25. Admitted in part, denied in part. As stated above, certain requests for information by Plaintiff were denied during the administrative process. It is denied that Plaintiff was "wholly unable to muster the facts to refute" FNS's conclusions, because the Store would have possessed all its own information to demonstrate the legitimacy of the questioned transaction, including the transaction reports which provided the date, time, and dollar amounts of the transactions at issue.

26. Denied. Nothing in the Act or the SNAP regulations require a hearing as part of the administrative process, as the Administrative Procedure Act is not applicable. The remainder of the allegations contained in Paragraph 26 state legal conclusions to which no response is required.

27. Admitted.

28. Denied. Upon the first instance of trafficking, FNS is required to permanently disqualify a firm unless it meets requirements that are set forth in the Act and the SNAP regulations. 7 U.S.C. § 2021(b)(3)(B); 7 C.F.R. § 278.6(e)(1)(i).

29. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and so denies them.

30. The allegations contained in Paragraph 30 state legal conclusions to which no response is required.

31. The allegations contained in Paragraph 31 state legal conclusions to which no response is required.

## FIRST AFFIRMATIVE DEFENSE

Having determined that Plaintiff was administratively guilty of trafficking, the United States is required by 7 C.F.R. § 278.6(e) and 7 C.F.R. § 278.6(f)(1) either to permanently disqualify Plaintiff or to subject it to a civil money penalty ("CMP"). Plaintiff does not qualify for a CMP because he failed to meet the four criteria delineated in 7 C.F.R. § 278.6(i). The United States had no discretion to abuse in applying the sanction specified by regulation.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Defendant asserts that it has, or may have, additional affirmative defenses that are not known to Defendant at this time, but which may be ascertained through discovery. Defendant specifically preserves these and other affirmative defenses as they are ascertained through discovery.

WHEREFORE, having fully answered Plaintiff's complaint, Defendant respectfully requests that this Court dismiss this action, award it the costs incurred herein, and award such further relief as it deems just and proper.

Respectfully submitted,

GRANT C. JAQUITH
Acting United States Attorney

By: _____
Charles E. Roberts
Assistant United States Attorney
Bar Roll No. 102454